CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 17, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STONEY JAMES BAILEY, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00412 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DEPUTY WILLIAM HUNTER ) | Chief United States District Judge |
| MULLINS, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Stoney James Bailey, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that officers with the Lee County Sheriff's Office violated his constitutional rights during the course of his arrest. The case is presently before the court on (1) a partial motion to dismiss filed by Deputy William Hunter Mullins, Lt. Todd Jones, Cpt. Taylor Scott, Lt. Chris Lewis, and Deputy William Barker, ECF No. 27, and (2) Bailey's motion for leave to file an amended complaint, ECF No. 42. For the reasons set forth below, the court **GRANTS** both motions.

### Background

According to the complaint, Bailey was arrested on January 16, 2023, after being located in the closet of a home in Pennington Gap, Virginia. Compl., ECF No. 1, at 2. He alleges that the defendants engaged in various acts of misconduct during the course of arresting him. The complaint sets forth seven numbered claims, most of which involve the use of a taser and other forms of physical force. Claim No. 5, which is the subject of the defendants' partial motion to dismiss, reads as follows:

> As I am being cuffed, I stated that the owner didn't know I was in the closet, that she had thought I done left. To this I was told by an officer to "shut the fuck up." (Body cam footage Available).

Id. at 4.

The defendants have moved to dismiss Claim No. 5 pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 27. Bailey has filed a response to the motion. ECF No. 34. He also has filed a motion for leave to file an amended complaint. ECF No. 42 Both motions are ripe for disposition.

## Discussion

### I. Defendants' Partial Motion to Dismiss

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The court agrees with the defendants that the statement alleged in Claim No. 5 is not independently actionable under 42 U.S.C. § 1983. Section 1983 provides "a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487

U.S. 42, 48 (1988). An arrestee's exposure to profanity or verbal abuse, standing alone, does not rise to the level of a constitutional violation. See, e.g., Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993) (concluding that a plaintiff's allegations that an arresting officer threatened to harm him "fail[ed] by themselves to state a constitutional claim cognizable under [§] 1983"); Horowitz v. Sherman, No. 8:19-cv-002459, 2020 WL 5339843, at *3 n.3 (D. Md. Sept. 4, 2020) (noting that verbal harassment during the course of an arrest, including the use of profane language by an officer, "does not constitute a Fourth Amendment violation but may nonetheless be relevant evidence"); Doe v. City of Chicago, 931 F. Supp. 600, 602 (N.D. Ill. 1996) (concluding that an officer's "alleged verbal abuse and ridicule did not violate [the plaintiff's] rights under the Fourth Amendment"). Thus, while the court does not condone the language alleged in Claim No. 5, such language is not independently actionable under § 1983.

For these reasons, the court grants the defendants' partial motion to dismiss and dismisses Claim No. 5. Although the facts alleged in Claim No. 5 may be relevant to other claims, the allegations do not state a separate claim for relief.

**II.     Motion to Amend**

Bailey has moved for leave to file an amended complaint based on information provided by the defendants. Rule 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit has emphasized that this directive is "not simply a suggestion, but rather a 'mandate to be heeded.'" Devil's Advocate, LLC v. Zurich Am. Ins. Co., 666 F. App'x 256, 267 (4th Cir. 2016) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962). Unless amendment

3

would be inequitable, prejudicial, or futile, "leave to amend should generally be granted in light of [the Fourth] Circuit's policy to liberally allow amendment." Abdul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018).

In keeping with this policy, and in the absence of any opposition, the court finds it appropriate to grant leave to amend. The court will permit Bailey to file an amended complaint within 30 days.1*

## Conclusion

For the reasons stated, the defendants' partial motion to dismiss, ECF No. 27, is **GRANTED**, and Claim No. 5 in the original complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. Additionally, Bailey's motion for leave to file an amended complaint, ECF No. 42, is **GRANTED**. Bailey must file an amended complaint within 30 days. An appropriate order will be entered.

Entered: April 17, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.17 16:10:42 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

* In his motion for leave to file an amended complaint, Bailey alleges that correctional officers at Nottoway Correctional Center, where he is currently incarcerated, disposed of all of his legal materials after he was sent to a hospital, including items that were previously produced by defense counsel. ECF No. 42. In light of these allegations, defense counsel resent Bailey a disc containing all available audio and video footage of his arrest, reports prepared following the arrest, and the names of the individual deputies involved in the arrest. ECF No. 44. The court will also direct the Clerk to send Bailey a docket sheet and a copy of his original complaint.